{¶ 31} The majority here defends the notion, that you can commence[4] an action by filing a pleading titled "motion."[5] I believe they still instruct in all Ohio law schools that to file a new case you must follow the Civil Rules.[6] That was not done here. Thus the lower court's time was misspent.[7] For this reason alone, I respectfully dissent.[8]
[4] Commence as opposed to making a request in a pending case, or reopening a closed case over which a court has continuing jurisdiction, both of which can be done by filing a motion.
[5] Here the initial document was a motion as opposed to a complaint or petition. The majority claims this "motion" was really a "complaint" and simply mislabeled. A complaint requires 1) "a short plain statement showing that the party is entitled to relief" and 2) a demand for judgment. Civ. R. 8(A). In addition, each averment shall be made in numbered paragraphs with the contents of each paragraph limited to a single set of circumstances. Civ. R. 10(B). Were the motion truly in the form of a complaint, I could concede that although titled as a motion, it was a complaint indeed. However, that is not the case here.
[6] Civil Rule 3(A) requires that a case is initiated by the filing of a complaint.
[7] Since one cannot initiate an action by filing a motion, as was done here, the jurisdiction of the lower court was never properly invoked and the lower court should have dismissed the action without prejudice.
[8] This makes moot the issue of, so why bother, to determine if movant was ever previously adjudicated the child's father. *Page 1